■ MARGARET ELIOT, Appellant, v. ROBERT C. ELIOT, Respondent.— In an action for a judicial separation, the plaintiff wife appeals from so much of a judgment of the Supreme Court, Putnam County, entered January 31, 1964 upon the court's decision after a nonjury trial, as: (1) fixed the defendant husband's visitation rights, with a direction that such rights be exercised at the wife's residence in Brewster, New York; (2) granted him two weeks' temporary custody during the Summer; (3) directed him to pay $9,000 per annum for the support of the wife and their two minor children, such payment being conditioned, however, upon her compliance with his visitation rights; and (4) pre-

scribed other financial items to be paid by him. Judgment modified on the law and the facts as follows: (1) by increasing the amount awarded for the support of the wife and the two minor children from $9,000 per annum to $11,000 per annum; and (2) by amending the third decretal paragraph of the judgment, affording visitation rights to the husband at the wife's residence in Brewster, New York, so as to provide that, with respect to Jason Eliot (one of said minor children), such visitation rights at Brewster shall not be operative in the event the said Jason is attending a school elsewhere than in Brewster. As so modified, the judgment, insofar as appealed from, is affirmed, with costs to the wife. The findings of fact contained or implicit in the decision-opinion of the Special Term which may be inconsistent herewith are reversed, and new findings are made as indicated herein. The husband is a practicing physician. In view of: (a) his steady increase in income, which amounted to approximately $42,000 in 1962; (b) his conceded willingness in 1961 to pay $13,480 as permanent alimony and support when there were three minor children in the mother's custody instead of two, as now; and (c) the needs of the wife, particularly with respect to the education of the two minor children presently in her custody, we find that $9,000 per annum is inadequate to the extent of at least $2,000. We believe that the condition imposed for the payment of such alimony and support, namely, that the wife shall afford the husband visitation rights at her residence in Brewster, New York, is fair, since he is a practicing physician in the Brewster area and cannot travel about easily on a regular basis. A modification of that condition is necessary, however, in order to avoid its breach by reason of the attendance by the child Jason at a school away from the wife's Brewster home. Should such an event occur and should the father's exercise of his visitation rights in Brewster be thereby prevented or rendered difficult, the wife's right to receive the full alimony and support payments should not be forfeited or impaired. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.